**Exhibit 2**



LEXSEE 2008 U.S. DIST. LEXIS 15181

**COMMERCE BENEFITS GROUP, INC., Plaintiff, vs. MCKESSON CORPORATION, ET AL., Defendants.**

CASE NO.: 1:07-CV-2036

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

*2008 U.S. Dist. LEXIS 15181*

February 13, 2008, Decided
February 13, 2008, Filed

**SUBSEQUENT HISTORY:** Motion denied by *Commerce Benefits Group, Inc. v. McKesson Corp., 2008 U.S. Dist. LEXIS 17372 (N.D. Ohio, Mar. 6, 2008)*

**PRIOR HISTORY:** *Commerce Benefits Group, Inc. v. McKesson Corp., 2008 U.S. Dist. LEXIS 9229 (N.D. Ohio, Jan. 28, 2008)*

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff corporation filed three motions pursuant to *Fed. R. Civ. P. 6(b)* to enlarge the time in which it could conduct discovery on a newly added defendant, the wholly owned subsidiary of defendant corporation, file a surreply in support of its opposition to defendant's summary judgment motion, and produce plaintiff's expert report.

**OVERVIEW:** The court had already extended several of its deadlines for plaintiff's benefit after concluding that the original defendant's delay in providing discovery prejudiced plaintiff. In reviewing the instant motions, however, the court found that plaintiff failed to demonstrate good cause under *Fed. R. Civ. P. 16(b)(4)* for the amendment of the court's deadlines regarding expert report exchanges, dispositive motion filings, and discovery. The court further found that defendant would be prejudiced by a blanket extension of time. As to time for discovery, the court found that plaintiff could still meet the court's originally scheduled discovery cutoff deadline even in light of defendant's delay in producing certain documents. As to an extension of time in which to file a surreply, the court already granted plaintiff additional time in which to file an opposition to defendant's summary judgment motion and found no good grounds to justify an additional extension. Finally, the court found that plaintiff unduly delayed in filing its motion for more time to produce its expert report and failed to show sufficient cause to justify an extension of time.

**OUTCOME:** The court denied plaintiff's motions for an extension of time, but it instructed plaintiff that it was free to reapply to the court for additional time at a later date upon a specific showing of good cause due to ongoing discovery problems.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pretrial Matters > Conferences > Scheduling Conferences*
*Governments > Courts > Rule Application & Interpretation*
[HN1] *Fed. R. Civ. P. 1* instructs that the Federal Rules of Civil Procedure are to be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding. To this end, *Fed. R. Civ. P. 16(b)* provides that a case management schedule may be modified only for good cause and with the judge's consent. *Fed. R. Civ. P. 16(b)(4)*. Although the district court has broad discretion to modify its own pretrial orders, it must be remembered that adherence to reasonable deadlines is critical to maintaining integrity in court proceedings, and that pretrial scheduling orders are the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. In evaluating whether good cause exists to extend court-ordered deadlines, the primary focus of the inquiry is upon the moving party's

diligence, but the district court also considers presence or absence of prejudice to the other party. Upon a showing of good cause, a district court should modify its scheduling order only if it cannot reasonably be met despite the diligence of the party seeking the extension.

*Civil Procedure > Summary Judgment > Opposition > Motions for Additional Discovery*
*Civil Procedure > Summary Judgment > Supporting Materials > Discovery Materials*
[HN2] Parties have no right to wait until all possible discovery is completed before filing motions for summary judgment. Summary judgment motions are proper after adequate time for discovery, and premature summary judgment motions can be adequately dealt with under *Fed. R. Civ. P. 56(f)*, which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.

*Civil Procedure > Discovery > Disclosures > Motions to Compel*
*Civil Procedure > Discovery > Undue Burdens*
*Evidence > Inferences & Presumptions > Presumptions*
[HN3] Upon a motion to compel discovery, the presumption is that electronically stored information is discoverable unless the party from whom discovery is sought makes a sufficient showing of undue burden or cost. *Fed. R. Civ. P. 26(b)(2)(B)*. Even if that party shows that the electronic discovery would be unduly expensive and burdensome, the court may still order discovery of such information upon a showing of good cause.

**COUNSEL:** [*1] For Commerce Benefits Group, Inc., Plaintiff: James A. Sennett, LEAD ATTORNEY, James D. Wilson, LEAD ATTORNEY, Laura A. Reinstein, Nathan J. Hudak, Cowden Humphrey, Cleveland, OH; Karl E. May, Cowden Humphrey Nagorney & Lovett, Cleveland, OH.

For McKesson Corporation, Defendant: Jeremy D. Tucker, LEAD ATTORNEY, Robert P. Riordan, LEAD ATTORNEY, Alston & Bird - Atlanta, Atlanta, GA; Nicole J. Quathamer, Porter, Wright, Morris & Arthur, Cleveland, OH.

For Per-Se Technologies, Inc., Defendant: Jeremy D. Tucker, LEAD ATTORNEY, Robert P. Riordan, Alston & Bird - Atlanta, Atlanta, GA; Nicole J. Quathamer, Porter, Wright, Morris & Arthur, Cleveland, OH.

**JUDGES:** JAMES S. GWIN, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JAMES S. GWIN

**OPINION**

OPINION & ORDER

[Resolving Doc. Nos. 50, 51, 52]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court are three motions filed by Plaintiff Commerce Benefits Group, Inc. ("Commerce Benefits") for an enlargement of time in which to conduct discovery on newly added Defendant Per-Se Technologies, Inc. ("Per-Se"), to file a surreply in support of the Plaintiff's opposition to the Defendants' summary judgment motion, and to produce an expert report. [Docs. 50, 51, 52.] Defendant McKesson Corporation [*2] ("McKesson") opposes all three motions. [Doc. 58.]

For the following reasons, the Court **DENIES** the Plaintiff's motions for an extension of time.

**I. Background**

On September 7, 2007, the Court issued a case management scheduling order in this case. [Doc. 18.] Pursuant to this order, dispositive motion discovery was to conclude on December 17, 2007 and all dispositive motions were to be filed by January 2, 2008. *Id.* The Court set the deadline for all discovery on March 24, 2008. *Id.* The Court also ordered the exchange of the parties' written expert reports, consistent with *Fed. R. Civ. P. 26*, ninety days before trial, which is set for April 14, 2008. [Doc. 17.]

On January 28, 2008, this Court allowed the Plaintiff to file a third amended complaint adding Per-Se Technologies, Inc. as a new party defendant. [Doc. 47.] In that order, the Court expressly noted that the addition of Per-Se as a new party defendant would not require the parties to expend significant resources or conduct substantially more discovery because Per-Se is a wholly owned subsidiary of Defendant McKesson, the original defendant in this case.

On January 29, 2008, Magistrate Judge McHargh held a telephone conference with the [*3] parties regarding the Plaintiff's pending motion to compel discovery of several sales forecasting and budgeting documents allegedly not earlier produced by the Defendants. [Doc. 48.] The Court entered an order, pursuant to the parties' agreement, that the ruling on the motion will be delayed pending the results of four upcoming depositions. *Id.* The Court ordered Defendant McKesson's counsel to use his best efforts to ensure that the *Rule 30(b)(6)* depositions of the two defendants will be taken within 14 days and

that two additional depositions would be taken within 30 days. *Id.*

On January 31, 2008, Plaintiff Commerce Benefits filed the three instant motions pursuant to *Rule 6(b) of the Federal Rules of Civil Procedure* to enlarge the time in which it could conduct discovery on the newly added Defendant Per-Se, file a surreply in support of its opposition to the Defendant's summary judgment motion, and produce its expert report. [Docs. 50, 51, 52.] The Plaintiff argues that Defendant McKesson recently revealed that there are two years of back-up tapes at Per-Se that have not been disclosed to the Plaintiff and have not been searched by the Defendant. Further, the Plaintiff says that a [*4] Salesforce.com database might contain a full history of transactions undertaken by Skip Best, a Per-Se employee who allegedly worked with the Plaintiff in developing their product, and that only Per-Se has the license required to search this information. [Doc. 50.] The Plaintiff also alleges that there are 20-25 budgeting and sales forecasting documents used by Skip Best that have not been produced. [Doc. 52 at 2.] The Plaintiff claims that the Defendants have thus failed to make a reasonable effort to find and produce all potentially relevant documents and that the Plaintiff should be granted the requested additional time. [Docs. 50, 51, 52.]

On February 8, 2008, Defendant McKesson filed a consolidated opposition to all three of the Plaintiff's motions for an enlargement of time. [Doc. 58.] The Defendant asserts that the Plaintiff has unduly delayed its attempts at discovery, that the Defendant has made reasonable efforts at discovery, and that the final discovery deadline of March 24, 2008 is more than sufficient time to conduct any remaining discovery. *Id.* The Defendant asserts that the Plaintiff knew or should have known that the corporations had back-up tapes and that these tapes [*5] are not necessarily discoverable. Further, the Defendant argues that the Plaintiff has unduly delayed in producing its expert report without justification and that it does not have the right to file a surreply in this case. *Id.*

## II. Legal Standard

[HN1] *Rule 1 of the Federal Rules of Civil Procedure* instructs that the rules "are to be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1*. To this end, *Rule 16(b)* provides that a case management schedule "may be modified only for good cause and with the judge's consent." *Fed. R. Civ. P. 16(b)(4)*. "Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that adherence to reasonable deadlines is critical to maintaining integrity in court proceedings, and that pretrial scheduling orders are the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." *Surbella v. Foley, 2006 U.S. Dist. LEXIS 55749, at *7 (S.D. Ohio August 10, 2006)* (internal quotations omitted). In evaluating whether good cause exists to extend court-ordered deadlines, the primary focus of the inquiry is upon the moving party's [*6] diligence, but the Court also considers presence or absence of prejudice to the other party. *Inge v. Rock Financial Corp., 281 F.3d 613, 625-26 (6th Cir. 2002)*. Upon a showing of good cause, a district court should modify its scheduling order only "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003)* (citing *Fed. R. Civ. P. 16, 1983* advisory committee's notes and *Inge, 281 F.3d at 625*).

## III. Discussion

In this case, the Court has already extended several of its deadlines for the Plaintiff's benefit. The Court pushed back all dispositive motion deadlines by over a month on January 18, 2008. [Doc. 38.] On January 28, 2008, the Court allowed the Plaintiff to amend its complaint for the fourth time to add a new defendant, despite the Court's previous order that all parties should be joined by September 24, 2007. [Doc. 47.] The Court concluded that Defendant McKesson's delay in providing discovery prejudiced the Plaintiff and that good cause existed for those extensions of time.

In reviewing the three instant motions for enlargement of time, however, the Court finds that the Plaintiff has failed to demonstrate [*7] good cause for the amendment of the Court's deadlines regarding expert report exchanges, dispositive motion filings, and discovery, and further concludes that the Defendant will be prejudiced by a blanket extension of time for these purposes.

First of all, the Court denies the Plaintiff's motion for more time to conduct discovery because the Plaintiff, if acting diligently, can still meet the Court's originally scheduled discovery cutoff deadline on March 24, 2008, even in light of the Defendant's delay in producing certain documents. *See, e.g., Leary, 349 F.3d at 906*. The Magistrate has scheduled a status conference on the Plaintiff's motion to compel for March 3, 2008, by which time the Defendant is expected to have fully complied with the Plaintiff's pending discovery requests. At that time, if the Plaintiff is still experiencing problems in obtaining potentially relevant and discoverable information from the Defendants, the Plaintiff is free to ask this Court for an extension of time in which to conduct discovery on the newly added Defendant Per-Se. At this stage in the litigation, however, the Court finds that there is no good cause to provide the Plaintiff with a blanket extension [*8] of more time in which to conduct discovery.

Second, the Court denies the Plaintiff's motion for an extension of time in which to file a supplement to its opposition to the Defendant's summary judgment motion. The Court has already granted the Plaintiff additional time in which to file an opposition to the Defendant's summary judgment motion, and finds no good grounds to justify an additional extension. [HN2] Parties have no right to wait until all possible discovery is completed before filing motions for summary judgment. *See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)* (noting that summary judgment motions are proper after "adequate time for discovery" and concluding that premature summary judgment motions "can be adequately dealt with under *Rule 56(f)*, which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery"); *Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc., 936 F.2d 889, 893 (6th Cir. 1991)* (concluding that "summary judgment should not be granted unless the nonmoving party has had the opportunity to discover information essential to opposition. . . The need [*9] to allow adequate discovery is not without limits, however, and a trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant") (internal citations omitted).

The Plaintiff has had adequate time for discovery during the seven months since this lawsuit was initiated in this Court. The Court notes that the Plaintiff still has until February 16, 2008 to oppose Defendant Per-Se's summary judgment motion. Any further delays in the judicial review of the pending summary judgment motions, however, will unfairly prejudice the Defendant and will unduly delay the remaining discovery and trial dates for this case, resulting in additional time and expense incurred by the parties and this Court.

The Court also denies the Plaintiff's motion for an overly long extension of time in which to produce its expert report. The Plaintiff was required to produce this report to the Defendants by January 14, 2008, which was ninety days before trial. [Doc. 17.] The Plaintiff should have already exchanged its written expert report and that report should have been based on all relevant information available to the Plaintiff. The Plaintiff may not withhold its expert report [*10] until discovery is substantially completed and its expert has been able to review all possibly relevant documents. If additional discovery suggests the expert report be amended, the Plaintiff can move the court for leave to file such an amended report with specific justification for the amendment.

Further, the Plaintiff unduly delayed in filing its motion for more time to produce its expert report. When deposing Skip Best on December 14, 2007, the Plaintiff became aware of the 20-25 budgeting and sales forecasting documents he may have used. One of these documents, the Moses Cone forecasting document, was supplied to the Plaintiff at the status conference with this Court on January 2, 2008. The Plaintiff waited nearly a month, however, until after the deadline for expert report production passed, before it asked the Court for an extension of time on these grounds. The Court finds that the Plaintiff has failed to show sufficient cause to justify an extension of time under *Rules 6(b)* and *Rule 26 of the Federal Rules of Civil Procedure* and finds that the Defendant would be prejudiced in its preparation for trial by allowing further delay in producing the expert report.

Finally, the Court [*11] notes that it is troubled by the ongoing discovery problems between the parties in this case. Defendant McKesson appears to have been largely uncooperative throughout the discovery process. Further, the Defendant's assertion that the back-up tapes recently discovered by Per-Se are presumptively not searchable is without merit. Defendant McKesson misstates "the general rule that such electronic media are not to be searched because the data on them is not reasonably accessible without undue burden or cost." [Doc. 58 at 4-5.] Rather, [HN3] upon a motion to compel discovery, the presumption is that electronically stored information is indeed discoverable unless the party from whom discovery is sought makes a sufficient showing of undue burden or cost. *Fed. R. Civ. P. 26(b)(2)(B)*. Even if that party shows that the electronic discovery would be unduly expensive and burdensome, the Court may still order discovery of such information upon a showing of good cause. *Id.*

The Court therefore orders all parties to continue discovery and encourages them to avoid further unnecessary problems and expense between now and the final discovery deadline on March 24, 2008. While the Court currently denies the Plaintiff's [*12] motions for extensions of time based upon the Defendant's failure to cooperate in discovery, the Court instructs the Plaintiff that it is free to reapply to the Court for additional time at a later date upon a specific showing of good cause due to ongoing discovery problems.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** the Plaintiff's motions for an extension of time.

IT IS SO ORDERED.

Dated: February 13, 2008

s/ *James S. Gwin*

JAMES S. GWIN

UNITED STATES DISTRICT JUDGE