IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA M. MURPHY, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 08-cv-03224-AW |
| | * | |
| CAMBRIDGE INTEGRATED SERVICES | * | |
| GROUP, INC., | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **MEMORANDUM OPINION**

Presently before the Court is Defendant's Motion to Disqualify Plaintiff's Counsel. Doc. No. 115. The Court has reviewed the Parties' filings with respect to the instant motions, and no hearing is deemed necessary. *See* D. MD. LOC. R. 105.6 (2010). For the reasons stated more fully below, the Court will deny Defendant's Motion to Disqualify.

### **I.  FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are drawn from evidence submitted by both parties regarding the suspension of Mr. James P. Campbell ("Mr. Campbell")'s license to practice law before the Virginia Bar as well as the public reprimand issued against him in by the Virginia State Bar Disciplinary Board. Mr. Campbell serves as counsel for Plaintiff in this action along with Ms. Danell Palladine ("Ms. Palladine").

Mr. Campbell was admitted to appear *pro hac vice* in this matter on February 12, 2009. Doc. No. 20. In his application for admission *pro hac vice*, Mr. Campbell truthfully attested that

1

he was a member in good standing of the Virginia Bar as well as the West Virginia Bar. His co-counsel, Ms. Palladine, is a member of the Maryland Bar and the Bar of this Court.

Shortly after Mr. Campbell was admitted *pro hac vice*, on March 25, 2009, his license to practice law in the Commonwealth of Virginia was suspended for failure to comply with mandatory continuing legal education ("MCLE") requirements. At least five separate mailings were sent from the Virginia State Bar to Mr. Campbell at his address informing him of the suspension. Mr. Campbell continued to practice law throughout the period of his suspension.

  Mr. Campbell contends, however, that he received no notice of the suspension. Mr. Campbell's paralegal attests that she in fact telephoned the Continuing Education Department on October 21, 2009 to inquire about the status of Mr. Campbell's credits, and that she was advised that Mr. Campbell needed only 4.5 hours to be compliant before the October 31, 2009 deadline. At no point was Defendant's secretary advised that Mr. Campbell's license had in fact been suspended several months earlier due to MCLE noncompliance. Additionally, the Virginia Bar was unable to show that it had sent any of the suspension notices to Mr. Campbell by certified mail, as required by the Virginia State Bar Professional Guidelines.

  On March 2, 2010, Mr. Campbell contacted the Virginia Bar on an unrelated matter and was sent a certified letter immediately thereafter stating that he had been suspended in 2009 for MCLE noncompliance. Mr. Campbell disputed noncompliance but promptly filed a reinstatement fee and documentation of a 2008 CLE course that had not been previously credited. Upon filing these documents on March 9, 2010, Mr. Campbell continued practicing law in Virginia although, as he would later find out, he was not officially reinstated to the Virginia Bar until March 31, 2010. Mr. Campbell did not apprise this Court of his Virginia Bar suspension at any time.

On September 23, 2011, Mr. Campbell went before the Virginia State Bar Disciplinary Board as a result of his unauthorized practice of law during the period of his suspension between March 25, 2009 and March 31, 2010.  Mr. Campbell argued that he had not received notice of his suspension until early March 2010 and that upon filing the requisite documents with the Bar on March 9, 2010, he had thought that he was reinstated. The committee considered the fact that Mr. Campbell may not have received notice of his suspension until early March 2010; they additionally considered, however, that Mr. Campbell continued to practice law upon learning of his suspension in March 2010. Due to the potential notice issues and Mr. Campbell's cooperation in filing the appropriate documents once he received the Bar's certified notice in early March, the Disciplinary Committee elected to impose the sanction of a public reprimand rather than further suspension.

Upon learning of Mr. Campbell's suspension and public reprimand, Defendant moved to disqualify Mr. Campbell for violation of the Maryland Lawyers' Rules of Professional Conduct and the Local Rules for failing to inform the Court of his suspension and for continuing to serve as counsel in this matter during his suspension. In the same motion, Defendant moved to disqualify Mr. Campbell's co-counsel, Ms. Palladine, for failure to appraise the Court of Mr. Campbell's suspension once she became aware of it in March 2010.

## II.    ANALYSIS

### A.    Disqualification of Mr. Campbell

Defendant contends that Mr. Campbell should be disqualified for representing his client before this Court during the one-year period of his Virginia Bar suspension and for failing to apprise the Court of his suspension pursuant to Local Rules 704 and 705.  Mr. Campbell

contends that he was unaware of his suspension until early March 2010, that he promptly corrected the issue, and that he did not file any briefings in this matter or appear before the Court during the period in which he had notice of his suspension.

Local Rule 704 provides that "[t]his Court shall apply the Rules of Professional Conduct as they have been adopted by the Maryland Court of Appeals." D. Md. Loc. R. 704 (2010). Rule 5.5(c) of the Maryland Lawyers' Rules of Professional Conduct provides in relevant part that "[a] lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction … [.]" Mr. Campbell's Virginia law license was suspended from March 25, 2009 until March 31, 2010, during which time he continued to participate in this case. Nevertheless, this Court, like the Virginia State Bar Disciplinary Board, must take into account that Mr. Campbell may not have had notice of his suspension until March 2010. From the time Mr. Campbell became aware of his suspension until the time it was lifted, he submitted no filings to this Court and was not otherwise actively involved in this matter.[1] Although Mr. Campbell was still listed as counsel of record for Plaintiff during the period in which he was aware of his suspension,[2] the Court finds this alone to be insufficient grounds for disqualification.

Additionally, Defendant contends that disqualification is proper pursuant to Local Rule 705. Specifically, Rule 705(3)(a) requires that

> [a]ny attorney admitted to practice before this Court shall, upon being subjected to public discipline or being enjoined from the practice of law by any other Court of the United States or the District of Columbia, or by a court of any state,

---

[1] In fact, during the first half of 2010, it appears the parties were awaiting the Court's decision on several motions, and thus there are no docket entries from January 4, 2010 until the Court's July 27, 2010 Memorandum Opinion and Order resolving those motions. *See* Doc. Nos. 92-94.

[2] As noted above, Mr. Campbell contends that he thought his suspension had been lifted immediately upon his March 9, 2010 submission of the appropriate documentation and was unaware until the September 2011 disciplinary hearing that his suspension had in fact remained in force several weeks longer, until March 31, 2010.

   territory, commonwealth or possession of the United States, promptly inform the
   Clerk of this Court of such action.

Loc. R. 705(3)(a).  Upon being admitted *pro hac vice* before this Court, Mr. Campbell became subject to these rules.  *See* Loc. R. 703.

  Even if, as Mr. Campbell contends, he did not receive notice of his suspension until March 2010, he nevertheless had a duty to notify the Court of his suspension at that time. Even if, as Mr. Campbell contends, he believed that his suspension was immediately lifted upon filing the appropriate documentation, Mr. Campbell nevertheless had a duty to notify the Court in September 2011 when he realized he had in fact been suspended until March 31, 2010.

  Moreover, Mr. Campbell failed to notify this Court that, pursuant to the September 23, 2011 disciplinary proceeding before the Disciplinary Board of the Virginia State Bar, he was publically reprimanded due to his unauthorized practice of law. The Disciplinary Board's public reprimand appears to constitute a form of public discipline that brings Mr. Campbell within Rule 705(3)(a)'s duty to disclose. Mr. Campbell argues that he was unaware that Local Rule 705 applied to him in his *pro hac vice* capacity; however, ignorance of the Maryland Local Rules does not excuse his conduct.

  Despite Mr. Campbell's failure to appropriately notify this Court, the Court is not convinced that disqualification is an appropriate sanction in this case.  In considering disqualification, the Court must weigh the egregiousness of Mr. Campbell's conduct and the interests of all parties involved, as well as the Court's interest in efficiently and effectively resolving this matter.  To borrow from William E. Gladstone, "justice delayed is justice denied." The instant matter has been before this Court since late-2008 and is nearing a jury trial in early May. Certain issues in this action relating to Plaintiff's employment compensation structure are

fairly complex, and Mr. Campbell serves as one of only two attorneys of record for Plaintiff. To disqualify Mr. Campbell at this point would force the Court to reschedule the trial, possibly dragging this matter into 2013. Accordingly, the Court declines to disqualify Mr. Campbell.

B.      Disqualification of Ms. Palladine

Additionally, Defendant seeks disqualification of Mr. Campbell's co-counsel, Ms. Palladine, for failing to report Mr. Campbell's suspension when she became aware of it in March 2010.  Ms. Palladine is a member of the Maryland Bar and the Bar of this Court.  Plaintiff suggests that Ms. Palladine did not inform the Court because Mr. Campbell's suspension was on the verge of being lifted by the time she became aware of it.

Defendant contends that Ms. Palladine violated Maryland Rule of Professional Conduct 8.4(a) because her failure to inform the Court about Mr. Campbell's suspension effectively assisted him in keeping that information from the Court.  Defendant additionally contends that Ms. Palladine violated Rule 8.3 by failing to inform the Court about Mr. Campbell's violation, since his violation is one that "raises a substantial question as to that [Mr. Campbell's] honesty, trustworthiness, or fitness as a lawyer in other respects… [.]"

Assuming that Mr. Campbell only became aware of his suspension in March 2010, the Court disagrees that Mr. Campbell's failure to inform the Court raises any "substantial question" about his fitness as a lawyer.  It bears noting that Mr. Campbell's Virginia Bar suspension stemmed from MCLE noncompliance rather than client-related ethical issues or criminal conduct.  As such, the Court finds that Ms. Palladine did not have a duty to report Mr. Campbell's violations pursuant to Rule 8.3.

Additionally, the Court is not prepared to sanction Ms. Palladine or refer her conduct to the Court's Disciplinary Committee. By the time Ms. Palladine became aware of Mr. Campbell's suspension, the problem was nearly resolved. She may well have believed in good faith, pending the Disciplinary Committee's October 5, 2011 Order, that Mr. Campbell's suspension was invalid because he had not been properly notified of it. In sum, Ms. Palladine was not presented with facts which rendered a clear duty to report Mr. Campbell's conduct. Although the Court expects the utmost candor by those who practice before it, it does not find Ms. Palladine's conduct worthy of sanction. Moreover, to disqualify both Mr. Campbell and Ms. Palladine at this point would substantially prejudice their client given the complexity and length of this case and the proximity to trial.

### III.   CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion to Disqualify Plaintiff's Counsel. A separate Order will follow.

   April 4, 2012                                                            /s/
        Date                                                       Alexander Williams, Jr.
                                                                   United States District Judge